COOPER v. COOPER.

5-297                                                            265 S. W. 2d 4

Opinion delivered March 1, 1954.

*Jameson & Jameson,* for appellant.

*Peter G. Estes* and *Jeff Duty,* for appellee.

ED. F. McFADDIN, Justice. From a decree refusing her a divorce, Mrs. Cooper brings this appeal.

Mr. and Mrs. Cooper were married in 1932, and lived together until November 29, 1952, when she refused to longer live with Mr. Cooper because of his alleged indignities. Claiming that he falsely accused her of "running around" with other men, she filed this suit for divorce and property settlement on February 23, 1953. The testimony was taken *ore tenus* on April 30, 1953; and resulted in a decree dismissing Mrs. Cooper's complaint for want of equity.

It would serve no useful purpose to recite all of the testimony of the witnesses. The gist of Mrs. Cooper's

case is her claim that Mr. Cooper falsely accused her of infidelity. His defense is that he never accused her of infidelity, but merely asked her to explain to him some of her absences. That Mrs. Cooper's conduct was such as to warrant her husband in asking for explanations is clearly established by occurrences like these:

(1) The Coopers were living in Memphis; and Mr. Cooper went to Colorado to see about a farm he owned there. When he returned to Memphis, he found that Mrs. Cooper had departed, leaving no forwarding address with anyone. She said: ''I did not want him to find me.'' Mr. Cooper spent several months trying to locate his wife; and then found her working in a hotel in Jackson, Tennessee. She testified that she tried to get him to sue for a divorce but he would not agree to it; instead, Mr. Cooper rented an apartment and continued to live with Mrs. Cooper.

(2) Again Mrs. Cooper left. This time she went to Tulsa, ostensibly to visit her sister. Instead, she got a job working in a cafe in Tulsa and refused to return to her husband. She said she still wanted a divorce. Mr. Cooper went to Tulsa and finally persuaded Mrs. Cooper to return with him to Memphis, where he had purchased a home.

(3) Ultimately the Coopers moved to Arkansas, as she promised to live with him if he would buy a farm here. Then Mrs. Cooper went to Memphis to show their house to some prospective buyer. Instead of returning to Arkansas, she stayed in Memphis and got a job working as a cashier at a "drive-in," where her hours were from 6:00 P.M. to 2:00 A.M. Mrs. Cooper would get home from work at all sorts of hours and with various escorts.

The record is replete with testimony about Mrs. Cooper's conduct that would certainly justify her husband in asking an explanation. In *Settles* v. *Settles,* 210 Ark. 242, 195 S. W. 2d 59, we said, on this matter of false charges of infidelity as constituting indignities:

"In Schouler's Divorce Manual by Warren, § 104, p. 133, it is said:

" 'To constitute indignities, accusations of infidelity must not only be false, but must have been made without foundation and with the intent to wound, and when made in good faith and on the basis of doubts and suspicions reasonably born of appearances, they are not to be treated as indignities.'

"This principle was approved by this court in the case of *Kientz* v. *Kientz,* 104 Ark. 381, 149 S. W. 86." See also 27 C. J. S. 588; and see also Annotation in 143 A. L. R. 623.

That Mr. Cooper loves his wife is clearly reflected by the testimony and the correspondence in the record. He has always been financially able to take care of his wife, and has always provided for her, and urged her not to work at the places that she did. As far as he is concerned, they may yet have a happy home. We conclude that the Chancery Court ruled correctly in denying Mrs. Cooper a divorce.

Affirmed.